# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD L. BUSBY, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. 4:21-cv-00297 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT FILED
## PURSUANT TO 42 U.S.C. § 1983

### Mr. Busby is scheduled to be executed
### on February 10, 2021, after 6:00 pm.

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4604 Calhoun Rd.
Houston, TX  77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4604 Calhoun Rd.
Houston, TX  77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

*Counsel for Edward Lee Busby, Jr., Plaintiff*

i

# Table of Contents

Table of Authorities ......................................................................................iv

Table of Exhibits………..................................................................................vi

PLAINTIFF'S COMPLAINT FILED PURSUANT TO 42 U.S.C. § 1983………...........................................................................................1

Jurisdiction………...........................................................................................2

Venue………....................................................................................................2

Parties………… .............................................................................................2

Procedural background...................................................................................3

First claim for relief:  TDCJ's policy violates the First Amendment's Establishment Clause because it is not neutral toward religion and evinces a hostility toward religion generally. ………...........................................................................9

Second claim for relief:  TDCJ's Policy unjustifiably interferes with Busby's ability to practice his religion and therefore violates his First Amendment right to Free Exercise of religion…… ................................................................................12

Third claim for relief:  If the Court believes TDCJ's policy does not interfere with Busby's right pursuant to the Free Exercise Clause, it should nonetheless find the policy violates the RLUIPA………...........................................................................13

Prayer for Relief. ...........................................................................................14

Verification………..........................................................................................16

ii

Certificate of Service.................................................................................17

# Table of Authorities

## Cases

*Burwell v. Hobby Lobby Stores,*
    573 U.S. 682 (2014)................................................................................14

*Cantwell v. Connecticut,*
    310 U.S. 296 (1940)..............................................................................9, 12

*Church of the Lukumi Babalu Aye, Inc. v. Hialeah,*
    508 U.S. 520 (1993)..............................................................................12-13

*Comm. for Public Ed. & Religious Liberty v. Nyquist,*
    413 U.S. 756 (1973)..................................................................................9

*Holt v. Hobbs,*
    574 U.S. 352 (2015)................................................................................14

*Larson v. Valente,*
    456 U.S. 228 (1982)................................................................................9-10

*Lemon v. Kurtzman,*
    403 U.S. 602 (1970)..................................................................................9

*Lynch v. Donnelly,*
    465 U.S. 668 (1984)..................................................................................9

*Masterpiece Cakeshop v. Colo. Civil Rights Comm'n,*
    138 S. Ct. 1719 (2018) ............................................................................13

*Murphy v. Collier,*
    139 S. Ct. 1475 (2019) ............................................................................4-5

*Zorach v. Clauson,*
    343 U.S. 306 (1952)..................................................................................9

## Other Authority

TDCJ, *TDCJ News:  2014 Governor's Criminal Justice Volunteer Service Awards:  Waco Man Receives Governor's Criminal Justice Volunteer Service Award,*
https://www.tdcj.texas.gov/news/2014_vol_gov_awards/barry_brown.html……………. ....................................................................................3

U.S. Const., amend. I ..........................................................................9, 12

## Table of Exhibits

Exhibit 1          January 5 email from Dow to Worman

Exhibit 2          January 8 email from Worman to Dow

Exhibit 3          January 11 email from Newberry to Worman

Exhibit 4          January 12 email from Worman to Newberry

Exhibit 5          April 2, 2019 execution protocol

Exhibit 6          State's Response to Motion for Stay of Execution

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDWARD L. BUSBY, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil No. 4:21-cv-00297 |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S COMPLAINT FILED
## PURSUANT TO 42 U.S.C. § 1983

1.     Plaintiff Edward Busby is scheduled to be executed on February 10, 2021. He is a Christian and has requested that his Christian spiritual advisor accompany him in the execution chamber. This request has been denied. This decision is violative of his rights pursuant to the Establishment and Free Exercise Clauses of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

## Jurisdiction

2.     This court has jurisdiction under 28 U.S.C. §§ 1331, 1343, 1651, 2201, and 2202, and under 42 U.S.C. § 1983.

## Venue

3.     Venue is proper under 28 U.S.C. § 1391 because defendants reside in the Southern District of Texas. Venue is also proper because Plaintiff's execution will occur in this district.

## Parties

4.     Plaintiff Edward Busby is currently incarcerated under a sentence of death at the Polunsky Unit of the Texas Department of Criminal Justice ("TDCJ") in Livingston, Texas. He is scheduled to be executed on February 10, 2021.

5.     Defendant Bryan Collier is the executive director of the Texas Department of Criminal Justice. He is being sued in his official capacity. He is responsible for the oversight and enforcement of policies and procedures generally applicable to all prisons and all prisoners and is responsible for carrying out Mr. Busby's execution.

6.     Defendant Bobby Lumpkin is the director of the Correctional

2

Institutions Division of the Texas Department of Criminal Justice. He is being sued in his official capacity. Mr. Lumpkin is the person charged by the trial court's order to execute the judgment of death against Busby.

7.    Defendant Dennis Crowley is the senior warden of the Huntsville Unit, the unit at which TDCJ executes inmates. He is being sued in his official capacity. As the warden of the Huntsville Unit, Mr. Crowley is the TDCJ official that supervises Texas executions.

## Procedural background

8.    In late 2020, Mr. Busby made known to Counsel his desire to have his spiritual advisor, Mr. Barry Brown, present in the execution chamber during his execution. Mr. Brown is someone who is well known to TDCJ. He has served as a volunteer with TDCJ for some time, and, in 2014, was presented an award by TDCJ for his efforts. TDCJ, *TDCJ News: 2014 Governor's Criminal Justice Volunteer Service Awards: Waco Man Receives Governor's Criminal Justice Volunteer Service Award*, https://www.tdcj.texas.gov/news/2014_vol_gov_awards/barry_brown.ht

3

ml.

9.      Accordingly, on January 5, 2021 – more than a month before Busby's scheduled execution – Counsel contacted Texas Department of Criminal Justice's General Counsel. Exhibit 1. Counsel informed TDCJ's Counsel of Busby's desire to have his spiritual advisor present in the execution chamber instead of the prison's Christian chaplain.[1]

10.     TDCJ's Counsel replied to Counsel's email on January 8 and informed Counsel that Mr. Brown, a non-TDCJ employee, cannot be present in the execution chamber when Mr. Busby is executed. Exhibit 2.

11.     Counsel replied to TDCJ's Counsel on January 11. Exhibit 3. In light of TDCJ's Counsel's January 8 email, Counsel inquired of TDCJ's Counsel whether there is a TDCJ-employed chaplain or an otherwise appropriately credentialed Christian TDCJ employee who would be allowed to serve as Busby's spiritual advisor and accompany him in the execution chamber.

---

[1] Having made the request over a month before his scheduled execution, Busby "made his request to the State in a sufficiently timely manner." *Murphy v. Collier*, 139 S. Ct. 1475, 1476 n.* (2019) (Kavanaugh, J., concurring).

12.     TDCJ's Counsel replied to Counsel's email on January 12 and informed Counsel that, per TDCJ policy, only two people – the TDCJ CID Director (currently Defendant Bobby Lumpkin) and the Warden of the TDCJ Huntsville Unit—are allowed to be in the execution chamber. Exhibit 4. This answer consistent with TDCJ's execution protocol, which was amended on April 2, 2019. Exhibit 5.

13.     Prior to April 2, 2019, a TDCJ employed chaplain was present in the execution chamber during executions, unless the person being executed expressly requested one not be present. The April 2 change was precipitated by a March 28, 2019 order from the Supreme Court staying Patrick Henry Murphy's execution. *Murphy v. Collier*, 139 S. Ct. 1475 (2019). Murphy had requested that his Buddhist spiritual advisor be permitted to accompany him in the execution chamber because TDCJ employs no Buddhist chaplains. While the Supreme Court's stated TDCJ could have executed Murphy on March 28, 2019 had they permitted his "Buddhist spiritual advisor or another Buddhist reverend of the State's choosing to accompany Murphy in the execution chamber," instead of making this reasonable accommodation

5

for Murphy, TDCJ amended its protocol so that now, no religious cleric of any faith is permitted to be in the chamber during an execution.

14.    Based on a conversation with Mr. Busby on January 12, Counsel believes Busby communicated his request to TDCJ's chaplain as early as January 8. Because of the limited opportunity to communicate with Mr. Busby during the pandemic, Counsel has not yet been able to confirm with Mr. Busby whether his request has been formally denied. Given Counsel's communications with TDCJ's Counsel, however, Counsel believe the request has been denied, and, if so, Mr. Busby has likely by now filed a grievance based on the denial of his request.[2]

14.    In the time since TDCJ denied Busby's request, Counsel have filed additional documents requesting that state actors intervene in this matter. First, Counsel filed an application with the Board of Pardons and Paroles on January 15, asking the Board to recommend the Governor issue a 120-day reprieve so that Mr. Busby is not

_____

[2] Counsel are scheduled to speak to Mr. Busby on February 2 and will be able to confirm with him on that date whether his request has been formally denied, and if so, whether he has subsequently filed a Step 1 grievance about the matter.

6

executed before litigation in this proceeding has concluded. The Board has yet to act on the Application, and Counsel believe it is unlikely the Board will act before February 8, at 1:00 pm.

15.     Second, also on January 15, Counsel filed a motion for stay of execution in the Texas Court of Criminal Appeals ("CCA"), asking that Court to stay Mr. Busby's execution in light of this ongoing litigation in this proceeding. The State responded to Busby's motion by arguing the state court lacked authority to grant Busby relief and further arguing that the federal, and not state, courts are the proper ones to resolve Busby's claim. Exhibit 6. As of the date of this Complaint's filing, the CCA has yet to act on the motion.

16.     Another inmate incarcerated on Texas' death row, Ruben Gutierrez, has raised claims almost identical to the ones Busby raises in this Complaint in the Southern District of Texas, in cause number 1:19-cv-00185. On January 25, 2021, the Supreme Court granted Gutierrez's petition for a writ of certiorari and remanded his proceeding to the district court "for further and prompt consideration of the merits of [Gutierrez's] underlying claims regarding the presence of

a spiritual advisor in the execution chamber in light of the District

Court's November 24, 2020 findings of fact." *Gutierrez v. Saenz*, No. 19-

8695 (U.S. Jan. 25, 2021).

17.     In the November 24 findings referred to in the Supreme

Court's January 25 order, the district court found that the evidence

submitted by the parties in that case[3] "does not demonstrate that

serious security concerns would result from allowing inmates the

assistance of a chosen spiritual advisor in their final moments." Order

at 29, *Gutierrez v. Saenz, et al.*, No. 1-19-cv-00185 (S.D. Tex. Nov. 24,

2020), ECF No. 124.

18.     Because Mr. Busby's claims are almost identical to those

raised by Gutierrez, on January 28, 2021, Counsel filed a motion to

intervene in Gutierrez's case on behalf of Busby. No. 1-19-cv-00185,

ECF No. 128. Earlier today, the motion to intervene was denied. No. 1-

19-cv-00185, ECF No. 132. Accordingly, Mr. Busby now files this, his

Complaint Filed Pursuant to 42 U.S.C. § 1983, as a separate action.

---

[3] While there are two additional Defendants in *Gutierrez*, which are relevant
only to claims raised by Gutierrez involving forensic analysis in his case, the three
Defendants in this cause are Defendants in Gutierrez's case.

**First claim for relief:  TDCJ's policy violates the First Amendment's Establishment Clause because it is not neutral toward religion and evinces a hostility toward religion generally.**

19.    The First Amendment of the United States Constitution commands that "Congress shall make no law respecting an establishment of religion." U.S. Const., amend. I. This command is similarly binding on the states. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). The Establishment Clause of the First Amendment prohibits governmental entities from passing laws that demonstrate a hostility toward religion or that prefer one or more religions over others. *Larson v. Valente*, 456 U.S. 228, 246 (1982); *Zorach v. Clauson*, 343 U.S. 306, 313-15 (1952).

20.    Defendants' amended policy is not neutral. The principal reason it is not neutral is that the Establishment Clause requires not only that the State be neutral *among* religions, but also requires the State be neutral *between* religion and non-religion. *See, e.g.*, *Lynch v. Donnelly*, 465 U.S. 668, 698 (1984); *Lemon v. Kurtzman*, 403 U.S. 602, 612 (1970); *see also Comm. for Public Ed. & Religious Liberty v. Nyquist*, 413 U.S. 756, 788 (1973) (noting that, to maintain an attitude

9

of neutrality toward religion, government cannot "advance[]" or "inhibit[]" religion). Inmates with no religion are neither harmed nor targeted by the amended TDCJ policy; inmates with religion (whatever that religion may be) are.

21.    A law or policy that is not neutral between religion and non-religion, like TDCJ's policy, is inherently suspect, and strict scrutiny must be applied when determining whether the policy violates the First Amendment's Establishment Clause. *Larson*, 456 U.S. at 246. The policy can only survive this level of scrutiny only if it is narrowly tailored to a compelling interest. *Id.* at 247. It is unclear what interest TDCJ believes this discriminatory policy serves.

22.    As explained above, on April 2, 2019, in response to an order issued by the Supreme Court in the case of Patrick Murphy (who is represented by the same Counsel representing Mr. Busby), Defendants amended their execution procedure. Previously, TDCJ-employed chaplains (all of whom are Christian or Muslim) could accompany condemned men in the execution chamber. However, in light of the Supreme Court's March 28, 2019 order that Patrick Murphy could only

be executed that day if he was allowed to have a Buddhist spiritual advisor accompany him in the chamber, Defendants modified their policy so that, now, no religious clerics of any faith are allowed to be present in the chamber during an execution.

23.    According to the Defendants, TDCJ's new policy was enacted to ensure the procedure is secure. Defendants have, under the previous policy, followed some procedure through which they were able to be confident the chaplains approved to be present in the execution chamber were not a security threat. That same process could have been used to clear spiritual advisors of other faiths. Doing so would have required Defendants to do no more than they were previously already doing to clear TDCJ-employed chaplains. However, rather than allowing spiritual advisors of other faiths to be present in the execution chamber, Defendants have enacted a new policy that is hostile to religion generally. By denying all religious inmates access to a spiritual advisor at the time they are dying and when many believe they will be entering some form of an afterlife, TDCJ's policy favors non-religious inmates.

11

**Second claim for relief:  TDCJ's policy unjustifiably interferes with Busby's ability to practice his religion and therefore violates his First Amendment right to the Free Exercise of religion.**

24.     The First Amendment also commands that "Congress shall make no law … prohibiting the free exercise of" religion. U.S. Const., amend. I. Like the Establishment Clause, the Free Exercise Clause's command is binding on the states. *See Cantwell*, 310 U.S. at 303.

25.     TDCJ's policy will prohibit Mr. Busby's ability freely to exercise his religion. Specifically, it will prevent him from praying with and being comforted by his spiritual advisor when he is executed. The level of scrutiny to be applied when reviewing policies that hinder an individual's ability freely to exercise his religion depends on whether the law is neutral and generally applicable. As Justice Kennedy explained in *Church of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993), "a law that is neutral and of general applicability need not be justified by a compelling government interest even if the law has the incidental effect of burdening a particular religious practice." *Id.* at 531. A law that does not satisfy both of these requirements "must be justified by a compelling governmental interest and must be narrowly

12

tailored to advance that interest." *Id.*; *see also Masterpiece Cakeshop v. Colo. Civil Rights Comm'n*, 138 S. Ct. 1719, 1734 (2018) (Gorsuch, J., concurring).

26.   TDCJ's policy is not neutral because it evinces a hostility toward religion and thereby favors non-religious inmates over religious inmates. Accordingly, the policy is permissible only if it can survive strict scrutiny. The policy cannot survive strict scrutiny, at least not in cases like Mr. Busby's, where TDCJ is given ample time to take whatever measures are necessary to pre-clear a spiritual advisor (especially when that advisor, as is the case for Mr. Busby's, is someone with whom TDCJ officials are already quite familiar), using the same process it used to pre-clear TDCJ employed chaplains to be present in the execution chamber under the previous version of the policy.

**Third claim for relief:  If the Court believes TDCJ's policy does not interfere with Busby's rights pursuant to the Free Exercise Clause, it should nonetheless find the policy violates the RLUIPA.**

27.   "In RLUIPA, in an obvious effort to effect a complete separation from the First Amendment case law, Congress deleted the reference to the First Amendment and defined the 'exercise of religion'

13

to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Burwell v. Hobby Lobby Stores*, 573 U.S. 682, 696 (2014) (quoting 42 U.S.C. § 2000cc-5(7)(A)). Accordingly, if the Court believes TDCJ's policy does not violate Mr. Busby's rights pursuant to the Free Exercise Clause because Busby's praying with and being comforted by his spiritual advisor immediately before he is executed is not something he is compelled to do by his religion, the Court should nevertheless find TDCJ's policy violates the RLUIPA. Prohibiting Mr. Busby from being guided at the time of death by his spiritual advisor is an explicit and substantial burden on religious exercise. *See, e.g.*, *Holt v. Hobbs*, 574 U.S. 352, 361 (2015) (where prisoner shows exercise of religion "grounded in a sincerely held religious belief," enforced prohibition "substantially burdens his religious exercise").

## Prayer for relief

WHEREFORE, Plaintiff Edward Lee Busby, Jr. prays that the Court provide relief as follows:

    1.    Find that TDCJ's policy violates Busby's rights under the First Amendment's Establishment Clause and/or Free

14

Exercise Clause; and/or

2.   Find that TDCJ's policy violates the RLUIPA.

3.   Enter an Order prohibiting Defendants from executing
     Busby until they can do so in a way that does not violate his
     rights.

Respectfully submitted,

/s/ David R. Dow                        /s/ Jeffrey R. Newberry
_____       _____
David R. Dow                            Jeffrey R. Newberry
Texas Bar No. 06064900           Texas Bar No. 24060966
University of Houston Law Center   University of Houston Law Center
4604 Calhoun Rd.                      4604 Calhoun Rd.
Houston, Texas 77204-6060        Houston, Texas 77204-6060
Tel. (713) 743-2171                   Tel. (713) 743-6843
Fax (713) 743-2131                    Fax (713) 743-2131
Email ddow@central.uh.edu        Email jrnewber@central.uh.edu

*Counsel for Edward Lee Busby, Jr.*

15

## Verification

I, Jeffrey R. Newberry, attorney for Plaintiff-Intervenor in the above-entitled action, state that to the best of my knowledge and belief, the facts set forth in this Complaint are true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 29, 2021.

/s/ Jeffrey R. Newberry
_____

Jeffrey R. Newberry

16

## Certificate of Service

I certify that on January 29, 2021, I served the foregoing pleading and attachments on Counsel for Defendants in both Gutierrez's and Murphy's cases, whom Counsel presumes will represent Defendants in this cause. If the attorneys listed below inform Counsel other attorneys will represent Defendants in this proceeding, Counsel will immediately send those attorneys a copy of this pleading.

Amy L. Hunsucker Prasad
Amy.prasad@oag.texas.gov
Leah Jean O'Leary
Leah.oleary@oag.texas.gov
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

s/ Jeffrey R. Newberry
_____
Jeffrey R. Newberry

17